UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWIGHT THOMAS PERRY,

                      Plaintiff,      **DECISION AND ORDER**

                                        **1:17-CV-01306-MAT**

          -vs-

Commissioner of Social Security,

                      Defendant.
_____

## I.     Introduction

Plaintiff has filed a Motion for Attorney's Fees, seeking the amount of $23,643.50, pursuant to 42 U.S.C. § 406(b). Docket No. 19. Defendant filed a response on October 8, 2019, raising issues concerning the amount of fees sought by Plaintiff's counsel and the timeliness of Plaintiff's motion. *See* Docket No. 21. The matter is now fully submitted and ready for decision. Docket No. 23. For the reasons discussed below, Plaintiff's motion is granted in part. Plaintiff is awarded attorney's fees in the amount of $23,213.00, which is 25 percent of Plaintiff's past-due disability benefits.

## II.    Background

On October 4, 2017, the ALJ issued a partially favorable decision on Plaintiff's disability applications, partially approving Plaintiff's application for Supplemental Security Income ("SSI"), but denying in its entirety Plaintiff's Title II application. *See* Docket No. 15; *see also* Docket Nos. 19-2 at ¶ 10

& 21 at 2. On January 4, 2019, this Court reversed the unfavorable portion of the ALJ's decision, and remanded the matter for calculation and payment of benefits. Docket No. 15. On April 22, 2019, the Court signed a stipulation entered into by the parties, whereby Plaintiff was awarded $6,300.14 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in full satisfaction of his claim pursuant to the EAJA, for his attorney's services performed in connection with this action.[1] Docket No. 18.

Subsequently, on February 13, 2019, the Social Security Administration ("SSA") issued to Plaintiff a Notice of Award, indicating that he was only eligible for past-due SSI benefits between September 2015 and December 2015. *See* Docket No. 19-3 at 1. The Notice of Award further provided that this SSI payment, which totaled $1,722.00, was previously released to Plaintiff in 2017. *Id*. On June 16, 2019, the SSA issued to Plaintiff another Notice of Award, stating that Plaintiff was entitled to monthly disability benefits beginning in November 2007. Docket No. 21-1 at 3. The Notice of Award further provided that the SSA was withholding $23,213.00 from Plaintiff's past-due benefits in order to pay attorney's fees. *Id*. at 5. The SSA issued to Plaintiff's counsel an Important Information letter on June 16, 2019, enclosing

---

[1] The EAJA award was used to offset a government debt owed by Plaintiff, and counsel never received it. Docket Nos. 19-2 at ¶ 15 & 19-5; *see also* Docket No. 21 at 7.

a copy of the Notice of Award sent to Plaintiff. *Id*. at 1. As explained further below, Plaintiff's counsel states that he did not receive the June 16, 2019 Important Information letter from the SSA, until it was filed by Defendant in response to Plaintiff's motion for attorney's fees. *See* Docket No. 22 at 1-5.

On July 22, 2019, the SSA issued a letter to Plaintiff's counsel, stating that $23,213.00, which represented 25 percent of the past-due benefits owed to Plaintiff, was being withheld to pay attorney's fees. Docket No. 19-4. As noted above, Plaintiff's attorney requests fees in the amount of $23,643.50. Docket No. 19-1. Plaintiff's attorney has submitted the above-mentioned Notice of Award for his SSI claim and withholding letter (Docket Nos. 19-3 & 19-4), the fee agreement (Docket No. 19-7), and his time records to date (*see* Docket No. 19-2 at ¶ 17).

### III. **Discussion**

Title 42, Section 406(b) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

"When a contingent fee has been agreed to by the parties, the district court must determine whether the fee is reasonable[,]" "giv[ing] due deference to the intent of the parties" while "not

-3-

blindly approv[ing] every fee request made pursuant to a contingent agreement." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Mathematical calculations are not required, but the district court should determine whether the contingency percentage is within the 25 percent cap. *Id*. In addition, it should consider "whether there has been fraud or overreaching in making the agreement" and "whether the requested amount is so large as to be a windfall to the attorney." *Id.* (citations omitted).

### A. Timeliness of Plaintiff's Fee Request

The Court first addresses the timeliness of Plaintiff's motion for attorney's fees. Plaintiff's counsel filed his motion for attorney's fees on September 17, 2019. *See* Docket No. 19. He contends that his fee request is timely, as it was filed within the 65-day time period mandated by former L. R. Civ. P. 5.5(g)(1).[2] *See* Docket No. 19-1 at 3. Plaintiff's counsel has calculated the 65-day period from the date he received the July 22, 2019 withholding letter, since the Notice of Award for Plaintiff's Title II claim was not received by his office. *Id*.

In response, Defendant points to the aforementioned Important Information letter dated June 16, 2019, which is addressed to

---

[2] On January 1, 2020, L. R. Civ. P. 5.5(g)(1) was amended to provide that counsel "may file a petition for attorney's fees under 42 U.S.C. § 406(b) in accordance with the time frame set forth in F.R.Civ.P. 54(d)(2)(B) and Sinkler v. Berryhill, 932 F.3d 83 (2d Cir. 2019). Unless otherwise established, the Court will assume that counsel representing the plaintiff in federal court received notice of the benefits calculation at the same time as the plaintiff." L. R. Civ. P. 5.5(g)(1).

Kenneth Hiller, one of Plaintiff's attorneys. *See* Docket Nos. 21 & 21-1. This letter encloses the Notice of Award sent to Plaintiff on June 16, 2019. *See* Docket No. 21-1. September 17, 2019 - the date that Plaintiff filed his motion for attorney's fees - is more than 65 days after the June 16, 2019 letter.

Plaintiff's counsel states that he never received the June 16, 2019 Important Information letter enclosing the Notice of Award until Defendant attached it to its response to Plaintiff's motion for attorney's fees. *See* Docket No. 22 at 1-5. In support of this statement, Plaintiff submits three affirmations. *See* Docket Nos. 22-1, 22-2 & 22-3. One of the affirmations is made by Kenneth Hiller, and states that he examined Plaintiff's electronic file in the firm's case management system (Prevail), and the first notification his office received regarding Plaintiff's past due benefits was the July 22, 2019 withholding letter. *See* Docket No. 22-1 at ¶¶ 2-3. Mr. Hiller further states that the electronic file does not show that his firm received the June 16, 2019 Important Information letter until Defendant filed its response to Plaintiff's motion for attorney's fees. *Id*. at ¶ 2. Plaintiff also submits affirmations from counsel's office manager, Cheverine Van Berkum, and an employee, Elaine Hartman. *See* Docket Nos. 22-2 & 22-3. Ms. Van Berkum states that she has worked on Plaintiff's file, including using the firm's case management system. Docket No. 22-2 at ¶ 5. Ms. Van Berkum further states that while the case

management system shows multiple documents received during the course of Plaintiff's case, it does not show the June 16, 2019 Notice of Award letter as received until Defendant filed its response to Plaintiff's motion for attorney's fees.³ *See id.* at ¶¶ 6, 8. Ms. Hartman's affirmation states that her job responsibilities include opening incoming mail, scanning it, and attaching it to the proper electronic folder in Prevail, as well as delivering a hard copy of the document to the appropriate case manager. Docket No. 22-3 at ¶ 2. Ms. Hartman further states that she reviewed all of the scanned documents received for Plaintiff's file since May 10, 2019, and there is no record of the firm receiving the June 16, 2019 Notice of Award until it received Defendant's response to Plaintiff's motion for attorney's fees. *Id.* at ¶ 4. Plaintiff's counsel has also provided redacted Prevail screen shots from Plaintiff's file, further supporting his assertion that he did not receive the June 16, 2019 Notice of Award until it was included as a part of Defendant's response papers. *See* Docket No. 22-4.

Although there is a presumption that Plaintiff's counsel received the June 16, 2019 Important Information letter enclosing the Notice of Award, *see* L. R. Civ. P. 5.5(g)(1) ("the court will

---

³
 The Court notes that paragraph 10 of Ms. Van Berkum's affirmation states, "I affirm under penalties of perjury that no alterations have been made to the history of entries in Prevail for Lindy Mack's electronic folder." *See* Docket No. 22-2 at ¶ 10. The Court presumes that the inclusion of the name "Lindy Mack" is a typographical error, and should state Plaintiff's name, Dwight Perry.

assume that counsel representing the plaintiff in federal court received notice of the benefits calculation at the same time as the plaintiff."), the Court finds that the detailed evidence submitted by Plaintiff's counsel - which includes sworn statements by one of Plaintiff's attorneys and two office employees - rebuts the presumption. *See, e.g., Mack v. Commissioner*, No. 18-CV-974, 2019 WL 2422866, at *3 (W.D.N.Y. June 10, 2019) ("[These] detailed submissions about procedures utilized by plaintiff's attorney's office when handling incoming mail, along with copies of screenshots of plaintiff's electronic file, go beyond simple assertions of the late receipt of the notice, and instead, corroborate plaintiff's allegations of her late receipt of the Appeals Council's notice. Therefore, the Court finds that plaintiff successfully rebutted the presumption of timely receipt by making 'a reasonable showing' that she did not receive the notice within five days of its mailing."). Plaintiff's counsel has presented evidence that he did not receive the Notice of Award until October 8, 2019, when Defendant filed its response to Plaintiff's motion for attorney's fees. Accordingly, the motion for attorney's fees, which was filed on September 17, 2019, is timely.

Regarding the timeliness of Plaintiff's motion, Defendant also cites to *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019), a Second Circuit case holding that the 14-day deadline to file an attorney

fee petition, included at Fed. R. Civ. P. 54(d)(2)(B), applies to § 406 motions, and runs from the date the claimant receives the notice of benefits award. *See* Docket No. 21 at 4; *see also Sinkler*, 932 F.3d at 89 (§ 406(b) fee request "is subject to the fourteen-day filing limitation of Rule 54(d)(2)(B) once a party receives notice of a benefits calculation following a sentence four remand judgment."). In response, Plaintiff contends that L. R. Civ. P. 5.5(g)(1) and the *Sinkler* case are not inconsistent, because local rule provisions extending the deadline to file a Rule 54 motion are an order of court and at the discretion of the district judge, and the *Sinkler* court did not rule on the propriety of L. R. Civ. P. 5.5(g)(1). Docket No. 22 at 5.

The *Sinkler* case was decided on August 2, 2019, prior to Plaintiff's fee request, which was filed on September 17, 2019. Pursuant to *Sinkler*, Plaintiff was required to file his fee request within 17 days of June 16, 2019 (allowing three days for mailing). *See Sinkler*, 932 F.3d at 91 n.5 ("Nothing in this opinion departs from the law's presumption that a party receives communications three days after mailing."). The *Sinkler* Court clarified its holding:

> In holding Rule 54 applicable in these circumstances, we are mindful that its fourteen-day limitations period is not absolute. The rule expressly states that the specified period applies "[u]nless a statute or a court order provides otherwise." Thus, district courts are empowered to enlarge that filing period where circumstances warrant. To be sure, courts cannot adopt local rules or orders that are inconsistent with federal

> rules of procedure. Nevertheless, where, as here, the rule itself affords courts the discretion to alter a specified filing time, we will generally defer to a district court in deciding when such an alteration is appropriate in a particular case as, for example, when a party needs more time to assemble and file the administrative record.

*Sinkler*, 932 F.3d at 89-90 (internal citations omitted). Plaintiff's counsel has presented compelling evidence that he did not receive the Important Information letter enclosing the Notice of Award until it was attached to Defendant's response papers. Further, the evidence submitted by counsel - including three affirmations and screen shots from his firm's case filing system - demonstrates that his law firm did not receive the Notice of Award on or around June 16, 2019, and therefore could not have complied with the 14-day deadline. For these reasons, the Court finds that it is appropriate to enlarge the time by which Plaintiff's motion pursuant to § 406 may be filed. *See Almodovar v. Saul*, No. 16 Civ. 7419(GBD)(SN), 2019 WL 6207784, at *2 (S.D.N.Y. Nov. 21, 2019) (enlarging time period for plaintiff's counsel to file § 406(b) motion, where counsel presented proof, including counsel's statement under penalty of perjury, that although the plaintiff received the notice of award on December 12, 2018, counsel did not receive the notice of award until March 1, 2019); *c.f. Sinkler*, 932 F.3d at 90 ("Assuming we would entertain Sinkler's notice argument, it fails on the merits because she provides no factual basis to support a claim that it was 'reasonable' to delay the filing of her

§ 406(b) application for more than six months after she received notice of the benefits calculation on remand. Certainly, she offered no explanation for this delay in the district court.").

## B. <u>Reasonableness of the Fee Request</u>

Pursuant to the fee agreement signed by Plaintiff, his attorney is entitled to 25 percent of his past due benefits. *See* Docket Nos. 19-1 at 6 & 19-7. The July 22, 2019 letter issued by the SSA regarding the withholding of attorney's fees states that the amount withheld - $23,213.00 - "represents 25 percent of the past-due benefits" for Plaintiff. *See* Docket No. 19-4. Plaintiff's attorney has requested a fee of $23,643.50, which is more than 25 percent of Plaintiff's past-due benefits. Plaintiff's attorney explains that he arrived at this number by calculating 25 percent of the combined total of $1,722.00 (Plaintiff's SSI award) and $93,852.00 (Plaintiff's past-due Title II benefits, calculated by multiplying by four the amount withheld by the SSA to pay attorney's fees). *See* Docket No. 19-1 at 2 ("Thus, the total award of past due benefits was $94,574.00 ($93,852.00 + $1,722.00), 25% of which would be 23,643.50.").

Defendant notes that because Plaintiff was awarded past-due Title II benefits after his receipt of past-due SSI benefits in 2017, he no longer qualified for the past-due SSI payments. *See* Docket No. 21 at 6; *see also* Docket No. 21-1 at 4 ("We are withholding your Social Security benefits for November 2007 through

May 2019.  We may have to reduce these benefits if you received [SSI] for this period.").  Defendant contends that, therefore, Plaintiff's counsel may not collect 25 percent of the past-due SSI payment.  Docket No. 21 at 6.  Plaintiff does not offer any response to this argument.  As noted above, both the Notice of Award and the July 22, 2019 letter regarding attorney's fees provide that the SSA was withholding $23,213.00 of Plaintiff's past-due benefits to pay Plaintiff's attorney's fees.  *See* Docket Nos. 19-4 & 21-1 at 5.  The July 22, 2019 letter explicitly states that $23,213.00 represents 25 percent of Plaintiff's past-due benefits.  Docket No. 19-4.  Plaintiff's fee request, albeit only slightly, exceeds 25 percent of Plaintiff's past-due benefits.  He is not entitled to collect more than $23,213.00, which is twenty-five percent of Plaintiff's past-due benefits.  *Id.*

Defendant has not identified any evidence of fraud or overreaching.  *See* Docket No. 21 at 7.  Further, given that Plaintiff's attorney has not requested a significantly increased fee amount, the Court concludes that there is no evidence of fraud or overreaching.  The Court also finds that the amount requested does not appear to be so large as to be a windfall to the attorney. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *see also* Docket No. 19-2 at ¶ 17.  Plaintiff's counsel has spent a total of 31.95 hours preparing Plaintiff's case before the federal district court (*see* Docket No. 19-2 at ¶ 17), which yields an hourly fee of

$740.02 (*see* Docket No. 19-1 at 7), and is reasonable under the circumstances. *See, e.g., Smith v. Saul*, No. 18-CV-148F, 2020 WL 90761, at *2 (W.D.N.Y. Jan. 8, 2020) (approving attorney fee award of $22,838.88, which resulted in an hourly rate of $613.95, and noting that "[a]lthough this rate at first glance seems a little high, it does not result in a windfall to counsel.") (citing *McDonald v. Commissioner*, No. 16-CV-926-FPG, 2019 WL 1375084, at *2-3 (W.D.N.Y. Mar. 27, 2019) (approving attorney's fees in the amount of $30,602.75 for 29.1 hours of work, which yields an hourly rate of $1,051.64) and *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 455-56 (W.D.N.Y. 2005) (approving attorney's fees in the amount of $38,116.50 for 42.75 hours of work, resulting in an hourly rate of $891.61)). Plaintiff's counsel has worked on this case since December 2014. *See* Docket No. 19-2 at ¶ 8. After lengthy proceedings and multiple denials at the administrative level, *see id.* at ¶¶ 5-10, Plaintiff's counsel was ultimately successful in securing past-due benefits for Plaintiff. The administrative transcript in this case is over 900 pages. *See* Docket No. 7. Plaintiff's attorney filed an 18-page motion for judgment on the pleadings, which persuaded the Court that Plaintiff's disability onset date was March 11, 2007, rather than May 14, 2014, resulting in the recovery of over $90,000 in Title II disability benefits. *See* Docket Nos. 9-1 & 15. Accordingly, based on the fee agreement between Plaintiff and counsel, the history of the case, and the

favorable result, the Court finds that a fee of $23,213.00, which represents 25 percent of Plaintiff's past-due benefits, is reasonable in this case.

**IV.** <u>**Conclusion**</u>

For the reasons discussed above, the Court grants in part Plaintiff's Motion for Attorney's Fees (Docket No. 18). Plaintiff is awarded attorney's fees in the amount of $23,213.00, which represents 25 percent of the total past due benefits awarded to Plaintiff. The Commissioner is directed to release these funds. Because Plaintiff's counsel never received attorney's fees pursuant to the EAJA, he is not directed to return them.

**IT IS SO ORDERED.**

                                                  S/Michael A. Telesca
                                        _____
                                        HONORABLE MICHAEL A. TELESCA
                                        United States District Judge

DATED:    January 22, 2020
              Rochester, New York